# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 911 NOTIFY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| AIRBIQUITY, INC., | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff 911 Notify, LLC ("911 Notify") makes the following allegations against Defendant Airbiquity, Inc. ("Defendant"):

## PARTIES

1. 911 Notify, LLC is a Delaware limited liability company with a registered address of 903 S. College Ave., Box 275, Newark, Delaware 19715.

2. On information and belief, Defendant is a Washington corporation with a principal place of business at 1011 Western Avenue, Suite 600, Seattle, WA 98104. Defendant has appointed LPSL Corporate Services, Inc., 1420 Fifth Ave, Suite 4200, Seattle, WA 98101, as its agent for service of process.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, including § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because, among other reasons, Defendant has done business in this District, has committed and continues to commit acts of patent infringement in this District, and has harmed and continues to harm 911 Notify in

this District, by, among other things, using, selling, offering for sale, and importing infringing products and services in this District.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because, among other reasons, Defendant is subject to personal jurisdiction in this District, has committed and continues to commit acts of patent infringement in this District. On information and belief, for example, Defendant has used, sold, offered for sale, and imported infringing products in this District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,775,356

6. 911 Notify is the owner by assignment of United States Patent No. 6,775,356 to Angelo Salvucci, Don E. Reich, Kurt E. Warner, and William C. Cook, (the "'356 Patent"), entitled "Real-Time Incident and Response Information Messaging in a System for the Automatic Notification that an Emergency Call has Occurred from a Telecommunication Device." The application for the '356 Patent was filed on September 27, 2001, and is a continuation-in-part of United States Patent Application No. 09/712,660, filed on November 30, 2000. The '356 Patent issued on August 10, 2004. A true and correct copy of the '356 Patent is attached as Exhibit A.

7. Defendant has infringed and is still infringing the '356 Patent, in this judicial District and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling products and services that embody the patented inventions, and will continue to do so unless enjoined by this Court. For example, Defendant's infringing products and/or services include functionality that provides notification to identified parties that an emergency call to an emergency service has been made from a subscriber. Under certain circumstances, Defendant's infringing products and/or services notify an emergency service

provider, and disclose to emergency services real-time data, such as monitoring data, which is collected between the time of the emergency call and the initiation of a response.  In addition, upon receiving the emergency call, the system may fetch a subscriber record, containing indicia corresponding to identified parties from a subscriber database, and activate a message response system that initiates notification of the identified parties, including, for example, emergency services, relatives or neighbors.  The infringing products and services include the products and services that perform the functionality described above, such as (without limitation), *e.g.,* Choreo Platform, and all versions and variations thereof since the issuance of the '356 Patent.

8. On information and belief, Defendant had actual knowledge of the '356 Patent at least as early as filing of the Complaint.

9. 911 Notify is informed and believes, and thereon alleges, that Defendant has contributorily infringed and is currently contributorily infringing the '356 Patent in violation of 35 U.S.C. § 271(c), by selling or offering for sale to third parties (*e.g.,* Defendant's customers), in this judicial district and elsewhere throughout the United States, without license or authority from 911 Notify, components that embody a material part of the inventions described in the '356 Patent, are known by Defendant to be especially made or especially adapted for use in infringement of the '356 Patent, and are not staple articles or commodities suitable for substantial, non-infringing use, including the infringing products set forth above and their respective components.  911 Notify is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '356 Patent in violation of 35 U.S.C. § 271(a) by using infringing software and hardware products, including some or all of the infringing products and their respective components.

10.     911 Notify is informed and believes, and thereon alleges, that Defendant has actively induced and is currently inducing the infringement of the '356 Patent in violation of 35 U.S.C. § 271(b) by knowingly and intentionally encouraging or aiding third parties (*e.g.*, Defendant's customers) to use infringing software and hardware products in this judicial district and elsewhere throughout the United States, without license or authority from 911 Notify, including at least the infringing products set forth above.  911 Notify is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '356 Patent in violation of 35 U.S.C. § 271(a) by using infringing software and hardware products, including some or all of the infringing products.  The Defendant through at least its user manuals, product support, marketing materials, and training materials actively induced their customers and users of the infringing products to infringe the '356 Patent.

11.     By engaging in the conduct described herein, Defendant has injured 911 Notify and is thus liable for infringement of the '356 Patent pursuant to 35 U.S.C. § 271.

12.     Defendant has committed these acts of infringement without license or authorization.

13.     As a result of Defendant's infringement of the '356 Patent, 911 Notify has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

14.     911 Notify has also suffered and will continue to suffer severe and irreparable harm unless this Court enjoins Defendant, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '356 Patent.

## PRAYER FOR RELIEF

911 Notify respectfully requests that this Court enter:

A.  A judgment in favor of 911 Notify that Defendant has infringed the '356 Patent;

B.  A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the '356 Patent, or such other equitable relief the Court determines is warranted;

C.  A judgment and order requiring Defendant to pay 911 Notify its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '356 Patent as provided under 35 U.S.C. § 284;

D.  A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to 911 Notify its reasonable attorneys' fees against Defendant;

E.  A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to 911 Notify, including without limitation, pre-judgment and post-judgment interest; and

F.  Any and all other relief to which 911 Notify may be entitled.

## DEMAND FOR JURY TRIAL

911 Notify, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

| | |
|---|---|
| Dated:  September 8, 2014 | BAYARD, P.A. |
| Of Counsel: | */s/  Stephen B. Brauerman* |
| | Richard D. Kirk (rk0922) |
| Benjamin T. Wang | Stephen B. Brauerman (sb4952) |
| C. Jay Chung | Vanessa R. Tiradentes (vt5398) |
| RUSS, AUGUST & KABAT | Sara E. Bussiere (sb5725) |
| 12424 Wilshire Boulevard 12th Floor | 222 Delaware Avenue, Suite 900 |
| Los Angeles, California 90025 | P.O. Box 25130 |
| (310) 826-7474 | Wilmington, DE  19899 |
| bwang@raklaw.com | (302) 655-5000 |
| jchung@raklaw.com | rkirk@byardlaw.com |
| | sbrauerman@bayardlaw.com |
| | vtiradentes@bayardlaw.com |
| | sbussiere@bayardlaw.com |
| | *Attorneys for Plaintiff 911 Notify, LLC* |